Ed K. Bassey SBN:146740
Attorney at Law
309 South "A" Street
Oxnard, CA 93030
Phone No. (805)487-8689
Fax No. (805)486-8868

Attorney for Plaintiff:
Jose Luis Madrigal

FILED
10 OCT -4 PM 4:07
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS MADRIGAL<br><br>PLAINTIFF.<br><br>Vs.<br><br>CHUMASH CASINO RESORT.;<br>AND DOES 1-10, INCLUSIVE<br><br>DEFENDANT. | DOCKET N° CV10 7415-GW (SSx)<br><br>COMPLAINT FOR DAMAGES<br>DISABILITY DISCRIMINATION;<br>WRONGFUL DISCHARGE OF<br>EMPLOYMENT;STATUTORY RACE<br>DISCRIMINATION AND RETALIATION<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Jose Luis Madrigal, complains of Defendants as follows:

**JURISDICTION AND VENUE**

1. This action is brought to remedy discrimination on the basis of violation of disability discrimination, wrongful discharge of employment, retaliation and statutory race discrimination, conditions and privileges of employment and to remedy violation of the Title I of the American Disability Act (A.D.A.) and Title VII of the Civil rights Act of 1964.

2. Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. section 2000 (e)(f) and (g) and the Civil Rights

Complaint for Damages

1

Act of 1991 and 1964.

3. Plaintiff, Jose Luis Madrigal, hereinafter referred to as plaintiff, a resident of Santa Barbara County in the State of California timely filed a disability discrimination, statutory race discrimination and retaliation charges against defendant Chumash Casino Resort, hereinafter referred to as "Chumash Casino Resort.," form of business unknown and doing business in Santa Barbara County, California with the California Department of Fair Employment and Housing ("DFEH") and with the Equal Employment Opportunity Commission ("EEOC") complaining of the acts of disability and race discrimination as alleged herein.

4. The Equal Employment Opportunity Commission, "EEOC" issued plaintiff a notice on July 2,2010 informing him of his right to sue defendants in Federal Court.

5. Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII. Jurisdiction of this Court is proper under Section 706(f)(3) of Title VII, 42 U.S.C. Section 2000e-5(f)(3).

6. As the unlawful employment practice complained of herein occurred within the Central District of California, venue is proper in this District pursuant to Section 706(f)(3) of Title VII, 42 U.S.C. Section 2000e-5(f)(3).

## PARTIES

7. At all relevant times herein mentioned, plaintiff Jose Luis Madrigal was an employee of defendant Chumash Casino Resort., until the wrongful termination of his employment by defendant on or about September 22,2009.

8. Upon information and belief, defendant Chumash Casino Resort., at all times relevant herein conducted a substantial part of its business in Santa Barbara County, California.

## FACTS COMMON TO ALL CAUSES OF ACTION

9. Plaintiff began working for defendant "Chumash Casino Resort," in or about June 2006 and performed his duties satisfactorily until on or about July 4,2009, when plaintiff injured himself at work. After seeing his primary doctor, Dr. Arain and receiving medical

Complaint for Damages

treatment and x-rays for his injuries to his left leg and his left foot, Plaintiff returned to work on July 20, 2009. After Plaintiff again began experiencing severe pain to his left leg and his left foot, he consulted another Doctor, Dr. Guerrero, who on July 20, 2009 took Plaintiff off from work for 3 days. That is from July 21, 2009 through July 23, 2009. Upon returning to work, Plaintiff informed Defendant about the work related injury and pain in his left leg and his left foot and requested the modified work that Dr. Guerrero had recommended. Defendant refused to give him modified work and forced Plaintiff to continue to work with excruciating pain to his left leg and left foot for another two weeks. Unable to no longer work with the excruciating pain, plaintiff returned to his primary Doctor, who then took Plaintiff off from work for 5 days (August 11- August 16, 2009) due to the extensive damage to Plaintiff's leg and foot as shown on the M.R.I. films. Thereafter, when Plaintiff returned to work, defendant reprimanded Plaintiff on September 12, 2009 for allegedly using the restroom during working hours and then wrongfully terminated Plaintiff's employment all because of defendant's retaliation and disability discrimination against Plaintiff.

10. Furthermore, during Plaintiff's employment with defendant, he was subjected to different terms and conditions of employment on the basis of his race (Mexican American) in that defendant denied Plaintiff promotion opportunities and pay raises and gave said promotions and better terms and conditions of work to other non Mexican American employees. Defendant also refused to return Plaintiff to modified work and retaliated against Plaintiff by falsely accusing him and issuing him a written reprimand.

11. Upon information and belief, plaintiff also believes that defendant terminated his employment in retaliation for reporting a work related injury and complaining about the poor working conditions that defendant subjected Plaintiff and other Hispanic employees to.

FIRST CAUSE OF ACTION

DISABILITY DISCRIMINATION

12. Plaintiff incorporates the allegations of paragraph 1 through 11 inclusive, as though fully set forth herein. This action is pled against defendant Chumash Casino Resort.

Complaint for Damages

13. By the acts herein alleged in these allegations, defendants have intentionally, fraudulently and knowingly violated the American with Disabilities Act (A.D.A) by discriminating against Plaintiff in the terms, conditions and privileges of his employment on the American with Disabilities Act (A.D.A) basis of his disability as more fully set forth in paragraph 9 to 11, all in violation of the American with Disabilities Act (A.D.A)

14. As a proximate result of defendant's discriminatory practices, plaintiff has suffered and will continued to suffer irreparable injury and monetary damages. Furthermore, defendant's acts have subjected plaintiff to pain and suffering, fraud, deceit and oppression in conscious disregard of plaintiff's rights. Plaintiff is therefore entitled to general and punitive damages according to proof.

## SECOND CAUSE OF ACTION

### RACE/ NATIONAL ORIGIN DISCRIMINATION

15. Plaintiff incorporates the allegations of paragraph 1 through 11 inclusive, as though fully set forth herein. **This action is pled against defendant Chumash Casino Resort**

16. By the acts herein alleged in these allegations, defendants have intentionally, fraudulently and knowingly violated Title VII of the Civil Rights Act by discriminating against Plaintiff in the terms, conditions and privileges of his employment on his Race/Nation Origin (Mexican American) basis of his disability as more fully set forth in paragraph 9 to 11, all in violation of Title VII of the Civil Rights Act 42 USC Section 2000 e-z.

17. As a proximate result of defendant's discriminatory practices, plaintiff has suffered and will continued to suffer irreparable injury and monetary damages. Furthermore, defendant's acts have subjected plaintiff to pain and suffering, fraud, deceit and oppression in conscious disregard of plaintiff's rights. Plaintiff is therefore entitled to general and punitive damages according to proof.

## THIRD CAUSE OF ACTION

### RETALIATION

18. Plaintiff incorporates the allegations of paragraph 1 through 11 inclusive, as though fully set forth herein. **This action is pled against defendant Chumash Casino Resort**

Complaint for Damages

19. Plaintiff filed a charge with the Equal Employment Opportunity Commission on June 18, 2009. Thereafter, when Defendant learned about Plaintiff's "EEOC" complaint Defendant retaliated against Plaintiff by summarily terminating him from his employment On September 22, 2009. Defendant also retaliated against Plaintiff by terminating him for complaining about the poor working conditions that he and other Hispanic employees were subjected to.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this Court enter a judgment as follows:

1. Declaring that the acts and practices complained of herein are in violation of The A.D.A.; A.D.E.A and Title VII of the Civil Rights Act of 1964 and 1991.
2. Enjoining and permanently restraining these violations of the A.D.A; A.D.E.A and Title VII of the Civil Rights Act of 1964 and 1991.
3. Directing Defendants to place plaintiff in the position he would have occupied but for defendant's discriminatory and retaliatory treatment, including but not limited to wage, pension and other lost benefits;
4. Awarding plaintiff the costs of this action together with reasonable attorney's fees, as provided by section 706(k) of Title VII, 42 U.S.C. section 2000e-6(k);
5. Directing defendants to pay plaintiff compensatory damages in the amount of, to be determined at trial.
6. Directing defendants to pay plaintiff for his general damages for pain and suffering according to proof;
7. Directing defendants to pay plaintiff punitive damages according to proof; and
8. Granting such other and further relief as this Court deems necessary and proper.

Date: September __, 2010

Ed K. Basse
Attorney for Plaintiff
Jose Luis Madrigal

Complaint for Damages

5

## DEMAND FOR JURY TRIAL

Plaintiff hereby demand a Jury Trial on all issues in this matter.

Dated: September 28, 2010

Respectfully submitted,

By _____
Ed K. Bassey
Attorney for Plaintiff
Jose Luis Madrigal

///
///

Complaint for Damages

6